**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5105

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MATTHEW JOHNSON, a/k/a Michael Roy Johnson,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:04-cr-00065)

Submitted: October 31, 2007      Decided: December 10, 2007

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Matthew G. Pruden, Sr., TIN FULTON GREENE & OWEN, PLLC, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Matthew Johnson of possession with intent to distribute more than five kilograms of cocaine (Count 1), in violation of 21 U.S.C. § 841(a)(1) (2000); possession of a firearm in furtherance of a drug trafficking crime (Count 2), in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 2007); and possession of a firearm by an illegal alien (Count 3), in violation of 18 U.S.C. § 922(g)(5) (2000).  On appeal, he challenges the sufficiency of the evidence on Count 2 and asserts that the district court erred by denying the motion to suppress evidence, allowing the government to constructively amend the indictment, and permitting the jury to hear he was an illegal alien.  Finding no reversible error, we affirm.

Johnson first asserts that the district court erred by denying his motion to suppress the six kilograms of cocaine and the firearm found in secret compartments of the car he was driving when he was stopped for a traffic violation on a North Carolina interstate.  This court reviews the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo.  United States v. Gray, 491 F.3d 138, 143-44 (4th Cir. 2007) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)).  When a suppression motion has been denied, we review the evidence in the light most favorable to the Government.  United States v. Uzenski, 434 F.3d

- 2 -

690, 704 (4th Cir. 2006). With these standards in mind, and having reviewed the transcript of the suppression hearing and the parties' briefs, we conclude that the district court did not err in denying the motion to suppress.

Next, Johnson asserts that the district court erred in allowing the Government to amend the indictment before trial by deleting "base" from the reference to "cocaine base" in the indictment. Johnson correctly notes that "only the grand jury may broaden or alter the charges in [an] indictment." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (citing Stirone v. United States, 361 U.S. 212, 215-16 (1960)). To amend an indictment requires "resubmission to the grand jury, unless the change is merely a matter of form." Russell v. United States, 369 U.S. 749, 770 (1962). As the district court found, the case against Johnson involved six kilograms of cocaine and never involved any cocaine base. Thus, the district court's deletion of the word "base" was merely a matter of form and did not "broaden[] the possible bases for conviction beyond those presented by the grand jury." United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994) (en banc). Thus, no Fifth Amendment violation occurred.

Johnson also contends on appeal that the district court erred in allowing the jury to hear that he was an illegal alien at the time he was found in possession of the firearm. His claim is foreclosed by our decision in United States v. Milton, 52 F.3d 78,

81 (4th Cir. 1995). To the extent that Johnson alleges the reference to his status as an illegal alien prejudiced him, the district court questioned the jurors before they were impaneled and determined that such status would not affect their ability to render an impartial decision. Thus, we conclude that Johnson is not entitled to relief on this claim.

Finally, Johnson challenges the district court's denial of his Fed. R. Crim. P. 29 motion for a judgment of acquittal, asserting that the evidence was insufficient to convict him under § 924(c). He contends that the government failed to prove that he carried the firearm during and in relation to a drug trafficking offense. We review the district court's decision to deny a Rule 29 motion de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Smith, 451 F.3d at 216. This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 452 (2006).

Here, the district court explicitly instructed the jury only on the possession prong of § 924(c), to which Johnson did not object.  Despite Johnson's failure to preserve this claim, we find that the evidence was sufficient to convict.  See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (stating that "statutory term 'furtherance' . . . requires the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime").

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED